IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHEE NOU XIONG,

                 Plaintiff,

v.

DANE COUNTY CIRCUIT COURTHOUSE,

                 Defendant.

OPINION and ORDER

23-cv-384-wmc[1]

---

    Pro se plaintiff Chee Nou Xiong alleges that two state court clerks failed to give him information that he requested and rudely hung up on him, and seeks relief based on this "intentional tort." Because Xiong proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss this case for lack of subject matter jurisdiction.

    District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original).

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

Because Xiong alleges at most a Wisconsin-law tort claim, the only possible jurisdictional basis is diversity jurisdiction. Xiong's allegations compel the conclusion that he is a Wisconsin citizen, and defendant Dane County Circuit Courthouse is a Wisconsin citizen for diversity jurisdiction purposes. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes."). Because Xiong has not shown any basis for diversity jurisdiction, I will dismiss this case for lack of subject matter jurisdiction. I will not grant Xiong leave to amend because his assertion of federal jurisdiction would be frivolous. *See Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("A complaint that identified the defendant as a citizen of the same state as the plaintiff and alleged no basis other than diversity of citizenship for federal jurisdiction might be dismissed as frivolous . . . ." (citations omitted)).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for lack of subject matter jurisdiction.

2. All pending motions are DENIED as moot.

3. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered September 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge